IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
Central Division

```
--------------------------------------------------------x
MICHAEL RYAN BURKE                        :
                                          :
          Plaintiff,                      :
                                          :
v.                                        :        Case No. _____
                                          :
                                          :        **TRIAL BY JURY**
TASK & PURPOSE,                           :        **IS DEMANDED**
RECURRENT VENTURES, INC.,                 :
ANDREW MILBURN                            :
                                          :
-and-                                     :
                                          :
THE MOZART GROUP, LLC                     :
                                          :
          Defendants.                     :
--------------------------------------------------------x
```

# <u>COMPLAINT</u>

Plaintiff, Michael Ryan Burke ("Burke" or "Plaintiff"), by counsel, pursuant to Rule 3 of the Federal Rules of Civil Procedure (the "Rules"), files the following Complaint against Defendants, Task & Purpose ("T&P"), Recurrent Ventures, Inc. ("Recurrent"), Andrew Milburn ("Milburn") and The Mozart Group, LLC ("Mozart Group"), jointly and severally.

Plaintiff seeks (a) special damages, presumed damages, actual damages and punitive damages in a total sum of **$25,000,000.00**, (b) prejudgment interest on the principal sum awarded by the Jury from April 2, 2022 to the date of Judgment, and (c) court costs – arising out of Defendants' defamation, intentional infliction of emotional distress, and conspiracy.

1

# I.  PARTIES

1.     Plaintiff, Michael Ryan Burke ("Burke" or "Plaintiff"), is a citizen of Missouri.  He lives in Columbia, Missouri.  Burke is a veteran of the United States Marine Corps, who honorably served his country in Iraq.  Burke has no criminal history.  Burke is a private individual.  Prior to publication of the false and defamatory statements at issue in this action, Burke had an untarnished reputation.

2.     T&P is an online publication that focuses on stories about military members, veterans, war, and related topics.  T&P is "enjoyed by millions of readers each month."  [https://taskandpurpose.com/news/about-page/].  T&P is one of many online "brands" owned, operated and sold in Missouri by Recurrent.  Recurrent is a digital media company incorporated in Delaware with its principal place of business in Miami, Florida.  Recurrent's various brands attract 60,000,000+ unique monthly visitors to Recurrent's various websites.  Recurrent has 38,000,000 social media followers and 2,000,000 email subscribers.  [https://recurrent.io/what-we-do/].

3.     Milburn is a citizen of Wyoming.  Milburn operates Mozart Group.  Mozart Group is a limited liability whose sole member is Milburn.  None of Mozart Group's members is a citizen of Missouri.  The Mozart Group advertises that it trains, advise and equips "territorial defense units" and provides "humanitarian extraction" and other services in Ukraine. [https://www.themozartgroup.com/].  Milburn published the statements at issue in this case as a means to raise funds for the newly-formed Mozart Group.  Based on his background and experience in the military, Milburn knew for certain that the acts and events he described in the article and tweets at issue were inherently improbable.

## II. JURISDICTION AND VENUE

4.      The United States District Court for the Western District of Missouri has subject matter jurisdiction over this action pursuant to Title 28 U.S.C. § 1332 (Diversity). The parties are citizens of different States.  There is complete diversity.  The amount in controversy exceeds the sum of $75,000, exclusive of interest and costs.

5.      Defendants are subject to specific personal jurisdiction in Missouri.  They are subject to long-arm jurisdiction and have sufficient minimum contacts with Missouri such that the exercise of personal jurisdiction over them comports with traditional notions of fair play and substantial justice and is consistent with the Due Process Clause of the United States Constitution.  T&P and Recurrent sell magazines and have advertisers, subscribers and social media followers in Missouri, and transact substantial business in Missouri.  In this case, Defendants each willfully directed their conduct towards Missouri, where they knew Burke would experience the most reputational harm.

6.      Venue is proper in this Court pursuant to Title 18 U.S.C. §§ 1391(b)(2).  A substantial part of the events or omissions giving rise to Burke's claims occurred in the Western District of Missouri, where the Statements (identified below) were published and where Plaintiff suffered injury. *Keeton v. Hustler Magazine, Inc.*, 465 U.S. 770, 776-777 (1984) ("[f]alse statements of fact harm both the subject of the falsehood *and* the readers of the statement … The tort of libel is generally held to occur wherever the offending material is circulated. Restatement (Second) of Torts § 577A, Comment a (1977)).

## III. STATEMENT OF MATERIAL FACTS

7.      On April 2, 2022, T&P/Recurrent published an online article written for T&P/Recurrent by Milburn, entitled "**Former US Marine accused of rape in Ukraine**"

(the "Article").  In addition to the Internet [https://taskandpurpose.com/news/marine-accused-rape-ukraine/], T&P/Recurrent and Milburn republished the Article via Twitter:

https://twitter.com/TaskandPurpose/status/1510939066061868042;
https://twitter.com/PaulSzoldra/status/1510460080851865600;
https://twitter.com/andymilburn8/status/1510504673324769283.

8.    The Article displays an old photograph of Burke in Iraq (2008).  Burke is incorrectly identified as "Ryan Michael Burke".  The Article and social media posts contain the following false statements of fact and defamatory implications:

| No. | Defamatory Statement | Published By | Published To | Date |
|---|---|---|---|---|
| 1 | "A former U.S. Marine has been accused of raping and beating an American woman in Western Ukraine" | T&P/ Recurrent, Milburn | Subscribers/ Readers<br><br>Twitter Facebook LinkedIn | 04/02/2022 |
| 2 | "Ryan Michael Burke, 38, is being sought by Ukrainian and Polish police after the woman reported the alleged assault to authorities" | T&P/ Recurrent Milburn | Subscribers/ Readers<br><br>Twitter Facebook LinkedIn | 04/02/2022 |
| 3 | "The woman, whose name is being withheld to protect her privacy, had traveled from the United States to Lviv, Ukraine, to volunteer as a medical worker. The woman reported to authorities that Burke, whom she recently met for the first time in Lviv, told her that he was working for Samaritan's Purse … and that he had close links with local police — claims which have subsequently been disproven … He fled after the alleged assault and his whereabouts remain unknown" | T&P/ Recurrent Milburn | Subscribers/ Readers<br><br>Twitter Facebook LinkedIn | 04/02/2022 |

| No. | Defamatory Statement | Published By | Published To | Date |
|---|---|---|---|---|
| 4 | "the victim crossed the border to Poland to file charges, escorted by an American journalist to whom she had turned for help. Polish and Ukrainian police have issued a warrant for Burke's arrest, and border security is on the lookout for him should he attempt to cross from Ukraine into Poland" | T&P/ Recurrent Milburn | Subscribers/ Readers<br><br>Twitter Facebook LinkedIn | 04/02/2022 |
| 5 | "Burke served with the Marine Corps' 4th Reconnaissance Battalion in San Antonio, Texas, according to his LinkedIn profile" | T&P/ Recurrent Milburn | Subscribers/ Readers<br><br>Twitter Facebook LinkedIn | 04/02/2022 |
| 6 | "The woman is currently in Poland receiving medical attention for injuries sustained during the attack. The U.S. Embassy in Poland has been informed of the incident and is providing assistance. A State Department official confirmed they were aware of reports of such a case but "given privacy considerations [had] no details to confirm at this time" | T&P/ Recurrent Milburn | Subscribers/ Readers<br><br>Twitter Facebook LinkedIn | 04/02/2022 |
| 7 | "The Mozart Group is tracking this guy down now through our network here in country. We believe that he is in Kyiv. If anyone knows who his companions might be, please IM me" | Milburn | Twitter | 04/03/2022 |
| 8 | "[Has Interpol been notified? Eventually he's going to cross a border.] He already did – and yes but evidently to no effect" | Milburn | Twitter | 04/03/2022 |

| No. | Defamatory Statement | Published By | Published To | Date |
|---|---|---|---|---|
| 9 | "A former U.S. Marine has been accused of raping and beating an American woman in Western Ukraine.<br><br>Ryan Michael Burke, 38, is being sought by Ukrainian and Polish police after the woman reported the alleged assault to authorities. The woman, whose name is being withheld to protect her privacy, had traveled from the United States to Lviv, Ukraine, to volunteer as a medical worker …<br><br>It's a disgusting situation, and I am hoping the authorities are successful in tracking this guy down and bringing him to justice" | Bill Kelly | Internet | 04/06/2022 |
| 10 | "Former marine accused of rape in #Ukraine" | 900 CHML | Twitter | 04/05/2022 |
| 11 | "It's situations like this that attract people like flies to garbage … it's a thing with war zones, there's a center of chaos that you can just gravitate to.  It pulls in the helpers but it also pulls in the parasites … Quite a good summation of Burke" | "Harry" | Twitter | 04/05/2022 |
| 12 | "In Kyiv, Ukraine, a former U.S. Marine has been charged with raping and beating a woman in western Ukraine, U.S. war correspondent Andrew Milburn reported on April 2" | Inf.news.en | Internet | 08/03/2022 |

In tweets that he later deleted, Milburn falsely stated or implied that Burke was a fugitive from justice, who was being aided by "accomplices", *e.g.*:





Tweets    Tweets & replies    Media    Likes

95 views

    2      7

**andy milburn** @andymilburn8 · 2h
Crossed border - his buddies hid him in car - these are their names:

Mathew - note name of border crossing   8m

She's going through the names no

Now   8m

Ok great

Please thank her for her courage   7m

These are all the people she remembers, including people may not be affiliated, just all the people she remembers from that whole time   5m

Piotr Jeleniewski; Forrest; Cyrano; Josh Richards; Dan; Joshua Stout; Dymytrol or Dymytryol;   4m

Thanks !

Please send to embassy and Polish police

I'm passing word this side   1m

    2      7

**andy milburn** @andymilburn8 · 2h
These are his accomplices:

(each a "Statement", and collectively, the "Statements").

9.      The Statements are materially false because:

●      The events never happened.  The Statements are completely fabricated.

●      Burke did not rape or beat anyone while he was in Ukraine.

●      The "woman" never reported any assault to any "authorities".

●      Burke has never been "sought by Ukrainian and Polish police".

●      Burke never told the anonymous "woman" that he was working for Samaritan's Purse[1] and had "close links with local police" — claims which have "subsequently been disproven".

●      Burke did not flee "after the alleged assault".

●      There was no "victim" and she/he/they never crossed the border to Poland to file "charges".

●      No charges were ever filed anywhere.

●      Polish and Ukrainian police never issued a warrant for Burke's arrest.

●      "[B]order security" was never on the "lookout" for Burke.

●      The anonymous "woman" did not sustain injuries in the fake "attack".

●      The U.S. Embassy in Poland was never informed of "the incident" by anyone, and was never "providing assistance" to anyone.

●      No "State Department official" ever confirmed they were aware of reports of any "case", and never provided any quote to T&P or Milburn.

●      Interpol was never notified by anyone.

●      No one hid Burke in a car.  There were no "accomplices".

---

[1]      Samaritan's Purse is a well-known nondenominational evangelical Christian organization that provides spiritual and physical aid to hurting people around the world.  Since early 2022, Samaritan's Purse has provided food and non-food items to suffering families in Ukraine while airlifting medical supplies into the country as fighting rages on. [https://www.samaritanspurse.org/our-ministry/ukraine-response/].

Comparing the false Statements to the truth, it is beyond peradventure that Defendants' Statements are materially false. *Compare Nunes v. W.P. Company*, 2021 WL 3550896, at * 4 (D. D.C. 2021) ("A reasonable juror could conclude that there is a material difference between stating that Nunes had made a claim supported by evidence (that the Obama administration had undertaken intelligence activities related to individuals involved in the Trump campaign) and stating that Nunes had made a baseless claim (that the Obama administration had wiretapped Trump Tower). A reasonable juror could therefore conclude that the article was materially false because it stated that Nunes had made such a baseless claim (when he had not)."); *see also Bustos v. A&E Networks*, 646 F.3d 762, 767 (10th Cir. 2011) (Gorsuch, J.) ("Comparing the challenged defamatory statement (membership in the Aryan Brotherhood) to the truth (conspiring with and aiding and abetting the Aryan Brotherhood), we cannot see how any juror could find the difference to be a material one—that is, likely to cause a reasonable member of the general public to think significantly less favorably of Mr. Bustos").

10. The scandalous Statements were immediately understood by readers to convey a defamatory meaning about Burke and injure his reputation, *see, e.g.*:

https://twitter.com/talktodenene/status/1511060266536026113
("Because pigs like this know in chaos they've got more opportunities to brutalize and hurt people. Some people really need dead");

https://twitter.com/OShirleyUjest/status/1511084389115080709
("Hunt his ass down and do what needs to be done!");

https://twitter.com/MicheleCochrane/status/1511307036096667652
("Let's hope a Ukrainian solider confuses him with a Russian solider, and takes care of business");

https://twitter.com/12_07_1961/status/1511312801641508869
("Men and their fu(king cocks");

https://twitter.com/nedski5585/status/1511293479439187969
("F-Ing animal");

https://twitter.com/KathyHowellITCC/status/1511299923412717581
("The victim is American");

https://twitter.com/JoanMBrenner1/status/1510461430692294657
("Absolutely horrific.  What a disgrace");

https://twitter.com/ClaudetteGGibs1/status/1510614036500541442
("This is atrocious, hope they cath him soon");

https://twitter.com/riverarose23/status/1510689767746420738
("If guilty, castration should be the consequence");

https://twitter.com/cxcruz1/status/1510662367171923968
("Shame on you, a surgical castration, could help this guy, with his problems");

https://twitter.com/WillowT62269933/status/1510651189418995718
("There is a code of ethics and this kind of behavior is forbidden!");

https://twitter.com/apKRIHgtSpUZpdY/status/1514115601630961666
("Had not Ukraine collected all the scum of the world?");

https://twitter.com/GoodTrumps/status/1510615205163646977
("RT and let's get this scum bag");

https://twitter.com/IanECox/status/1510615752939876359
("Keep an eye out for this guy and spread the word among your contacts.  We gotta hold our own accountable");

https://twitter.com/matthew_esmar/status/1510621804359991303
("where is he gonna go?  he isnt gonna stay in ukraine cause well he will probably get killed and they chalk it up to russians killing him in combat.  hes wanted in poland and will surely be wanted in the us and most friemdly [sic] countries will send him to america in cuffs");

https://twitter.com/elenaevdokimov7/status/1545051402107777024
("A former US Marine accused of rape in Ukraine The woman is currently in Poland receiving medical attention for injuries sustained during the attack. The Marine has fled");

https://twitter.com/sethharpesq/status/1544462240786571264
("Here's another photo of Ryan Burke, who went on the lam in Ukraine after being accused of rape");

https://twitter.com/doyaksec/status/1544805668305215488
("Ryan #Burke, former #marine, wanted for #rape").

Leslie (Efron) Platt, a special projects administrator at the Columbia Eye Clinic in South

Carolina, republished the Article on her LinkedIn page with the following comment:



11.     The Article and social media posts shamelessly promoted Milburn's

company, Mozart Group.  Indeed, within 24 hours of publication of the Article, Milburn

had raised $20,000 on PayPal, largely from people who, unknowingly, wanted revenge

for the heinous crimes that Milburn manufactured.

12.     Prior to publication, T&P/Recurrent, Milburn and Mozart Group knew the

Statements were false and/or had a serious doubt as to the truth of the Statements and,

therefore, acted with reckless disregard for the truth.  Milburn is a retired Marine Corps

Colonel with a 31-year career as an infantry and special operations officer. He knew (and tweeted) that Burke had crossed an international border, but was not arrested [https://twitter.com/andymilburn8/status/1510691599411515394], making the entire story inherently improbable. *St. Amant v. Thompson*, 390 U.S. 727, 732 (1968) ("Professions of good faith will be unlikely to prove persuasive, for example, where a story is fabricated by the defendant [or] is the product of his imagination … Nor will they be likely to prevail when the publisher's allegations are so inherently improbable that only a reckless man would have put them in circulation. Likewise, recklessness may be found where there are obvious reasons to doubt the veracity of the informant or the accuracy of his reports.); *Celle v. Filipino Reporter Enters., Inc.*, 209 F.3d 163, 183 (2nd Cir. 2000) (in assessing a defendant's subjective doubts as to the truth of his publications, the Court may look at "the defendant's own actions or statements [and] the inherent improbability of the story.") (quoting *Liberty Lobby, Inc. v. Dow Jones & Co.*, 838 F.2d 1287, 1293 (D.C Cir. 1988)). Prior to publication, Milburn, Mozart Group, and T&P/Recurrent knew that it was impossible for Burke to cross international borders and/or to get back into the United States if there were international warrants for his arrest and Interpol was notified. The falsity of the Statements was obvious, especially to someone with T&P and Milburn's background and training. Further, prior to publication, T&P/Recurrent and Milburn made no contact with law enforcement in any country to corroborate the fictitious facts, and did not have in their possession any criminal complaint or the alleged warrants. T&P/Recurrent and Milburn engaged in the purposeful avoidance of the truth. *Harte-Hanks Communications, Inc. v. Connaughton*, 491 U.S. 657, 682, 692 (1989) (a clear evasion from the truth and the failure to interview an important witness, who was

easily accessible, supports a finding of actual malice) (citing *Curtis Publishing Co. v. Butts*, 388 U.S. 130, 157 (1967) ("Although there was reason to question the informant's veracity, just as there was reason to doubt Thompson's story, the editors did not interview a witness who had the same access to the facts as the informant and did not look at films that revealed what actually happened at the game in question.")).

13.     Milburn conducted opposition research on Burke prior to publication, and learned (a) that Burke lived in Missouri and held a security clearance with the Department of Defense and a Secret security clearance with the State Department, (b) that he was honorably discharged from the Marine Corps, and (c) that he was a humanitarian with no criminal history.  Burke did not fit any profile of a person likely to commit rape, putting Milburn on notice that the story was fake and/or Russian disinformation.  In spite of serious doubts as to the veracity of the anonymous source and the story, T&P/Recurrent and Milburn published the story anyway, knowing that the Statements were highly likely to cause Burke permanent injury.

14.     T&P/Recurrent and Milburn's false and defamatory Statements caused Burke to be hunted by Milburn and Mozart Group's network of mercenaries in Ukraine. Milburn instigated the hunt.  He made it known that the Mozart Group was after Burke. As a direct result of Milburn's actions, Burke suffered extreme and continuous fear of death, stress and anxiety.  Burke constantly fears that he will be assassinated.  Publication of the false and defamatory Statements also caused Burke to lose employment and income,[2] and to suffer career damage, loss of future earnings capacity and actual

---

[2]     In July 2022, Burke's employer in Missouri who read the Article confirmed that "[d]irectly because of this article, I was asked to replace Mr. Burke as a security contractor."

damages, including psychological or emotional distress, depression, insult, embarrassment, humiliation, mental anguish, and injury to Burke's otherwise untarnished reputation.

15. In the interest of clearing his name and mitigating the damage caused by T&P/Recurrent, Milburn and Mozart Group, Burke reached out to the U.S. Embassy in Poland and the Federal Bureau of Investigation ("FBI"). Burke was also interviewed by Customs and Border Patrol ("CBP") upon his entry into the United States. Suffice it to say, there is not a shred of evidence to support Defendants' false and defamatory Statements. The story is completely fake.

## COUNT I – DEFAMATION

16. Plaintiff restates paragraphs 1 through 15 of this Complaint, and incorporates them herein by reference.

17. T&P/Recurrent, Milburn and Mozart Group[3] made, published and republished in Missouri numerous false factual Statements of and concerning Burke. These false Statements are detailed verbatim above. The Defendants published the false Statements without privilege of any kind.

18. The Statements are defamatory. The Statements expose Burke to public hatred, contempt, and ridicule, and render him odious and infamous in the eyes of the community. The Statements accuse and impute to Burke (a) one or more crimes, including rape and sexual assault, and (b) an unfitness to perform the duties of an office or employment for profit, including immorality, lack of ethics, lack of integrity, lack of

---

[3] Milburn published the Statements in the Article and on Twitter in furtherance of the business of Mozart Group, and with express authority of Mozart Group. Milburn solicited members of Mozart Group and others and engaged them to hunt down Burke. Mozart Group is liable for Milburn's defamation and misconduct.

veracity, deception and criminality, and (c) the Statements prejudice Burke in his profession and occupation as a security contractor and humanitarian aid professional.

19.     By publishing the Statements extensively to T&P/Recurrent's subscribers and readers in Missouri and elsewhere and by tweeting the Statements to their followers, T&P/Recurrent, Milburn and Mozart Group knew that Burke would suffer harm in Missouri and knew or should have known that the Statements would be republished over and over by third-parties in Missouri to Burke's detriment. Republication by Defendants' subscribers, viewers, followers, users of Twitter and other third parties was the natural, foreseeable and probable consequence of Defendants' actions and was actually and/or presumptively authorized by Defendants. In addition to their original publications, Defendants are liable for the millions of third-party republications of the false and defamatory Statements under the republication rule.

20.     T&P/Recurrent, Milburn and Mozart Group's false and defamatory Statements harmed Burke and his reputation, causing special damages, presumed damages and actual damages.

21.     Prior to filing this action, Burke served on T&P/Recurrent and Milburn a written notice specifying the Statements that are defamatory and demanding, *inter alia*, that those statements be retracted and/or corrected and removed from the Internet and social media. T&P/Recurrent and Milburn ignored Burke's notice, and refused retract and correct the false and defamatory Statements.

22.     T&P/Recurrent, Milburn and Mozart Group published the false and defamatory Statements with actual knowledge that they were false or with reckless

disregard for whether they were false. T&P/Recurrent, Milburn and Mozart Group acted with actual malice for the following reasons:

a.  T&P/Recurrent, Milburn and Mozart Group fabricated the Statements. The events described by Defendants never occurred. The Statements are a product of Defendants' imagination, made up out of whole cloth in order to impute crimes and intentional wrongdoing to Burke and promote the business of Mozart Group.

b.  T&P/Recurrent, Milburn and Mozart Group relied on an anonymous source who was completely unreliable.

c.  Prior to publication, T&P/Recurrent, Milburn and Mozart Group knew that the story was inherently improbable. *US Dominion, Inc. v. Powell*, 554 F.Supp.3d 42, 63 (D. D.C. 2021) ("a reasonable juror could conclude that the existence of a vast international conspiracy that is ignored by the government but proven by a spreadsheet on an internet blog is so inherently improbable that only a reckless man would believe it."); *Butowsky v. Folkenflik*, 2019 WL 3712026, at * 11 (E.D. Tex. 2019) ("Folkenflik departed from journalistic standards and repeated words and phrases that he knew were false or inherently improbable – phrases such as 'Russian collusion'. Folkenflik abandoned common sense. The suggestion that the President of the United States and/or the 'Russians' (Vladimir Putin) would have colluded with Butowsky – a person unknown to either the President or Putin and with whom neither the President nor Putin has ever communicated – is preposterous.").

d.  T&P/Recurrent, Milburn and Mozart Group purposefully evaded the truth. They chose not to investigate the scandalous and salacious allegations, even though they knew the permanent harm to Burke that would be caused by publication.

e.       T&P/Recurrent, Milburn and Mozart Group had a pre-determined agenda, their commitment to which led them to publish the Statements about Burke that they either knew to be false or that they published with reckless disregard as to whether the Statements were false. *Palin v. New York Times Company*, 940 F.3d 804, 813 (2nd Cir. 2019); *Speed v. Northwest Airline, Inc.*, 2000 WL 34030833, at * 8 (N.D. Iowa. 2000) (overruling defendant's motion to dismiss under Rule 12(b)(6), where the statements, viewed in the light most favorable to the plaintiff, "were made with malice in that Defendants' intent was to inhibit [plaintiff] from pursuing legal action").

f.       T&P/Recurrent, Milburn and Mozart Group intentionally abandoned all journalistic standards and integrity in publishing and republishing the Statements. *Curtis Pub. Co.*, 388 U.S. at 161 ("Where a publisher's departure from standards of press responsibility is severe enough to strip from him the constitutional protection our decision acknowledges, we think it entirely proper for the State to act not only for the protection of the individual injured but to safeguard all those similarly situated against like abuse").  They did not seek the truth or report it.  They betrayed the truth for the sake of their institutional bias against Plaintiff and ratings.  Rather than minimize harm, T&P/Recurrent, Milburn and Mozart Group set out to inflict maximum pain and suffering on Burke in order to harm Burke's reputation.  T&P/Recurrent, Milburn and Mozart Group published the Statements in the broadest manner possible, to Internet and social media audiences, for the sole purpose of injuring Burke's reputation, and generating income for Mozart Group.  As a sure sign of their actual malice, T&P/Recurrent, Milburn and Mozart Group did not even bother to contact Burke for comment prior to publication. *Project Veritas v. New York Times*, Case 63921/2020

(Westchester County Mar. 18, 2021) (Opinion & Order, p. 13) (one of the reasons the New York Times was guilty of actual malice was that it intentionally declined to seek comment from the plaintiff prior to publication, which "blatantly violated NYT's own published policies and ethical guidelines".).

23.     As a direct result of Defendants' defamation, Burke suffered special damages, presumed damages and actual damages in the sum of $25,000,000.00.

**COUNT II – <u>INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS</u>**

24.     Plaintiff restates paragraphs 1 through 23 of this Complaint, and incorporates them herein by reference.

25.     Colonel Milburn and Mozart Group put out orders to mercenaries in Ukraine to hunt Burke.  Milburn and Mozart Group, with the specific purpose of inflicting emotional distress upon Burke, confirmed on Twitter that they were, in fact, actively conducting an intelligence operation, including that they were "tracking" Burke and "in pursuit".  Milburn and Mozart Group's conduct was intentional and/or reckless, concerted, criminal and deliberately violative of Missouri law.  Milburn and Mozart Group engaged in a series acts that, taken together, constitute extreme and outrageous behavior.  The Defendants knowingly and purposefully initiated a campaign to hunt Burke.  The Defendants' criminal conduct was flagrant and heartless. *Rich v. Fox News Network, LLC*, 939 F.3d 112, 122-123 (2nd Cir. 2019) (plaintiffs stated a claim of intentional infliction of emotional distress, where, taken together, the defendants' acts "might amount to a deliberate and malicious campaign of harassment" and where, alternatively, plaintiffs alleged that the defendants knew of plaintiff's susceptibility to emotional distress and "chose to proceed with their plan in spite of that knowledge").

26.     Milburn and Mozart Group's actions are so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community.  Milburn and Mozart Group's conduct falls evenly within Missouri's definition of outrageous conduct.

27.     Milburn and Mozart Group's outrageous, malicious and vindictive conduct caused Burke to suffer severe emotional distress, depression, extreme fear, including fear he would be assassinated, fear that he would be kidnapped by Milburn's mercenaries and disappear, never to see his family again, fear of prosecution and prison, sleeplessness, and constant panic.  Burke's extreme emotional distress inflicted upon him by Defendants is both causally and directly connected to Defendants' actions.  Burke's injuries arise out of a targeted campaign by Colonel Milburn and Mozart Group to inflict personal harm.  Burke suffers Post Traumatic Stress Disorder ("PTSD") as a result of Milburn and Mozart Group's actions.  He is in fear whenever he goes outside.  Milburn and Mozart Group's actions have impacted Burke's work and his interpersonal relationships.  The tweets severely traumatized Burke.  To date, he consumes his fear and intense anger on a daily basis, and suffers from disabling headaches, nightmares, flashbacks, extreme stress and fear.

28.     Milburn and Mozart Group's misconduct constitutes intentional infliction of emotional distress.

29.     As a direct result of Milburn and Mozart Group's intentional inflectional of emotional distress, Burke suffered special damages and actual damages in the sum of $25,000,000.00.

## COUNT III – <u>COMMON LAW CONSPIRACY</u>

30.     Plaintiff restates paragraphs 1 through 29 of this Complaint, and incorporates them herein by reference.

31.     Beginning in April 2022 and continuing through the present, Milburn agreed, combined, associated, or acted in concert with others (including the persons with whom Milburn communicated in Milburn's now deleted tweets) for the express purpose of injuring Burke.  Milburn used his Mozart Group cell phone and social media to communicate orders to his co-conspirators and to obtain situation reports from the military contractors hired to track Burke.  Milburn and his confederates pursued the common goal of hunting, locating and harming Burke.

32.     Milburn acted intentionally, purposefully, without lawful justification, and with the express intent to harm Burke.

33.     Milburn's actions constitute a common law conspiracy to commit the crimes of assault and battery.

34.     As a direct result of Milburn's conspiracy, Burke suffered actual damages in the amount of $25,000,000.00.


Plaintiff alleges the foregoing based upon personal knowledge, public statements of others, and records in his possession.  Plaintiff believes that substantial additional evidentiary support, which is in the exclusive possession of T&P/Recurrent, Milburn and Mozart Group, their agents and other third-parties, will exist for the allegations and claims set forth above after a reasonable opportunity for discovery.

Plaintiff reserves his right to amend this Complaint upon discovery of additional instances of Defendants' wrongdoing.

## **CONCLUSION AND REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests the Court to enter Judgment against T&P/Recurrent, Milburn and Mozart Group, jointly and severally, as follows:

A.      Compensatory damages in the amount of $25,000,000.00;

B.      Punitive damages in the amount of $25,000,000.00;

C.      Prejudgment interest on the principal sum awarded by the Jury at the maximum rate allowed by law;

D.      Postjudgment interest at the maximum rate allowed by law;

E.      Costs and other recoverable amounts as allowed by law;

F.      Such other relief as is just and proper.

## **TRIAL BY JURY IS DEMANDED**

DATED:      October 4, 2022

Signature of Counsel on Next Page

MICHAEL RYAN BURKE


By:  /s/ John C. Burns

        John C. Burns, #66462
        BURNS LAW FIRM
        P.O. Box 191250
        St. Louis, Missouri 63119
        P:  (314) 329-5040
        F:  (314) 282-8136
        john@burns-law-firm.com

        Steven S. Biss (VSB # 32972)
        300 West Main Street, Suite 102
        Charlottesville, Virginia 22903
        Telephone:  (804) 501-8272
        Facsimile:  (202) 318-4098
        Email:  stevenbiss@earthlink.net
        (*Motion for Admission Pro Hac Vice*
            *To be Filed*)

        Madhu S. Sekharan, Esquire
        Texas Bar No. 24072332
        16614 Radiant Lilac Trail
        Cypress, TX 77433-6365
        Mobile:  832-920-1515
        Office:  281-304-6369
        MSekharanAttorney@outlook.com
        (*Motion for Admission Pro Hac Vice*
            *To be Filed*)

        *Counsel for the Plaintiff*