IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MISSOURI

MICHAEL RYAN BURKE,           )
                              )
        Plaintiff,             )
                              )   Cause No.: 2:22-CV-04147-BCW
v.                            )
                              )   **JURY TRIAL DEMANDED**
TASK & PURPOSE, et al.,       )
                              )
        Defendants.            )

## DEFENDANT RECURRENT VENTURES INC. AND TASK AND PURPOSE'S SUGGESTIONS IN SUPPORT OF ITS MOTION TO DISMISS PURSUANT TO RULE 12(B)(1) AND 12(B)(6)

COME NOW, Defendants Recurrent Ventures Inc. and Task & Purpose, by and through undersigned counsel, and for their Suggestions in Support of their Motion to Dismiss Plaintiff's Complaint, hereby state as follows:

## PRELIMINARY STATEMENT

This is an action by Plaintiff Michael Ryan Burke seeking damages as a result of the publication of an article in an online publication known as "Task & Purpose" in April of 2022. The article was written by separate Defendant Andrew Milburn. Plaintiff alleges that the Milburn article contains false and defamatory statements, and that he has sustained reputational harm and other damages as a result of the article's publication.

Plaintiff has named Recurrent Ventures Inc., Task & Purpose[1], Andrew Milburn, and The Mozart Group as separate named defendants in this action. Plaintiff contends that this Court has subject matter jurisdiction over this cause "pursuant to Title 28 U.S.C. § 1332 (Diversity)." (Doc.

---

[1] As an initial matter, it is important to note that "Task & Purpose" is not an existing legal entity capable of being sued or served in this cause. It is merely the brand name given to the online publication in which the Milburn article at issue appeared. The fact that "Task and Purpose" is not an existing legal entity is the primary source of the jurisdictional defects described herein, and the ultimate reason why Plaintiff's Complaint should be dismissed in its entirety for lack of subject matter jurisdiction, as set forth herein.

#30145863 v1

1, Plaintiff's Complaint ¶ 4). In support of this contention, Plaintiff makes the conclusory statement that "the parties are citizens of different states." *Id*. However, Plaintiff has failed to fully plead factual allegations to establish that this contention is true. Specifically, Plaintiff has failed to plead facts pertaining to the citizenship of separate named defendant "Task & Purpose." Absent such facts, Plaintiff's Complaint does not establish complete diversity of citizenship between the plaintiff and all defendants, and therefore Plaintiff has not established that this Court has subject matter jurisdiction over this cause. Accordingly, Plaintiff's Complaint should be dismissed **in its entirety** for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

In the alternative, even if diversity jurisdiction in this matter were properly established (which it has not been), Plaintiff's Complaint fails to state valid claims for Intentional Infliction of Emotional Distress (Count II) or Civil Conspiracy (Count III) against Defendants Recurrent or Task & Purpose, such that those claims should be dismissed pursuant to Rule 12(b)(6) in any event.

### STANDARD OF REVIEW

#### A.     **Rule 12(b)(1)**

Federal courts are courts of limited jurisdiction. *Thomas v. Basham*, 931 F.2d 521, 522 (8th Cir. 1991). The existence of jurisdiction is a threshold requirement that must be assured in every federal case. *Kronholm v. Fed. Deposit Ins. Corp.*, 915 F.2d 1171, 1174 (8th Cir. 1990); *see also Sanders v. Clemco Indus.*, 823 F.2d 214, 216 (8th Cir. 1987) ("The threshold requirement in every federal case is jurisdiction and we have admonished the district court to be attentive to a satisfaction of jurisdictional requirements in all cases"). The Court must dismiss any action over which it determines that it lacks subject matter jurisdiction. Fed. R. Civ. P. 12(h)(3).

#### B.     **Rule 12(b)(6)**

Under Rule 12(b)(6), a court can dismiss a cause of action for a failure to state a claim upon which relief may be granted. Fed. R. Civ. P. 12(b)(6). "In order to meet the [Rule 8(a)] standard, and survive a motion to dismiss under Rule 12(b)(6), 'a complaint must contain sufficient factual matter, accepted as true to state a claim to relief that is plausible on its face.'" *Pumphrey v. Frontera Produce Ltd.*, 2014 WL 12607824, at *1 (W.D. Mo. July 3, 2014) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). When considering a 12(b)(6) motion to dismiss, the court treats all well-pleaded facts as true. *Kulkay v. Roy*, 847 F.3d 637, 641 (8th Cir. 2017). A cause of action will, however, have "facial plausibility" only "'when the plaintiff pleads factual content that allows the court to draw the reasonable inference the defendant is liable for the misconduct alleged.'" *Sampson v. Burlington N. Santa Fe Ry. Co.*, 2018 WL 10322115, at *1 (W.D. Mo. Apr. 12, 2018) (quoting *Iqbal*, 556 U.S. at 678). Therefore, a plaintiff is obligated to provide the grounds of his entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555.

## LAW AND ARGUMENT

**I.    Plaintiff's Complaint should be dismissed in its entirety pursuant to Rule 12(b)(1) for lack of subject matter jurisdiction, as Plaintiff has failed to plead sufficient facts to establish diversity jurisdiction pursuant to 28 U.S.C. § 1332.**

In the Complaint, Plaintiff contends that this Court has subject matter jurisdiction over this cause "pursuant to Title 28 U.S.C. § 1332 (Diversity)." (Doc. 1, Plaintiff's Complaint ¶ 4). In support of this contention, Plaintiff makes the conclusory statement that "the parties are citizens of different states." *Id*. However, Plaintiff has failed to fully plead factual allegations to establish that this contention is true. Specifically, Plaintiff has failed to plead facts pertaining to the citizenship of named defendant "Task & Purpose." Absent such facts, Plaintiff's Complaint does

3
#30145863 v1
Case 2:22-cv-04147-BCW   Document 11   Filed 12/30/22   Page 3 of 8

not establish complete diversity of citizenship between the plaintiff and defendants, and therefore Plaintiff has not established that this Court has subject matter jurisdiction over this cause. Accordingly, Plaintiff's Complaint should be dismissed for lack of subject matter jurisdiction pursuant to Rule 12(b)(1).

The diversity jurisdiction statute, 28 U.S.C. § 1332, requires complete diversity of citizenship between plaintiffs and defendants. *Buckley v. Control Data Corp.*, 923 F.2d 96, 97, n.6 (8th Cir. 1991). To establish complete diversity of citizenship, a complaint must include factual allegations of each party's state of citizenship, including allegations of any corporate party's state of incorporation and principal place of business. *Sanders v. Clemco Industries*, 823 F.2d 214, 216 (8th Cir. 1987); see 28 U.S.C. § 1332(a).

Here, Plaintiff has named "Task & Purpose" as a separate defendant in this matter. However, Plaintiff has failed to plead any factual allegations of Task & Purpose's state of citizenship, state of incorporation, or principal place of business for purposes of diversity jurisdiction. Plaintiff has also failed to plead basic facts establishing that "Task & Purpose" is even an existing legal entity capable of being sued in this cause, or the type of entity that it purportedly is, which would be required in order to establish its citizenship for purposes of diversity.[2] Absent such facts, Plaintiff has not met the threshold requirement for diversity jurisdiction that plaintiff and defendants are citizens of different states. Accordingly, Plaintiff has not properly established in his Complaint that this Court has subject matter jurisdiction over this cause, and Plaintiff's Complaint should be dismissed in its entirety pursuant to Rule 12(b)(1).

---

[2] In fact, as set forth above, "Task and Purpose" is not a separate existing legal entity capable of being sued, but rather, it is merely the brand name given to the online publication in which the article at issue appeared. Accordingly, it is Defendant's contention that Plaintiff could never establish diversity jurisdiction as long as "Task and Purpose" is a named defendant. Plaintiff similarly cannot obtain personal jurisdiction over "Task and Purpose" for the same reasons.

**II. Alternatively, if this Court does not dismiss Plaintiff's Complaint in its entirety for lack of diversity jurisdiction, this Court should dismiss Count II against Recurrent Ventures and Task & Purpose pursuant to Rule 12(b)(6) for failure to state a claim.**

In Count II, Plaintiff asserts a claim for Intentional Infliction of Emotional Distress. As an initial matter, Defendants acknowledge that it is unclear from the allegations whether Count II is intended to be directed to Defendants Recurrent Ventures and Task & Purpose at all, as it does not reference Recurrent Ventures or Task & Purpose by name. However, Count II repeatedly makes allegations against "Defendants" which could arguably be construed as being directed toward Recurrent Ventures or Task & Purpose. Accordingly, to the extent Count II is or could be directed at Defendants Recurrent Ventures and Task & Purpose, they now seek dismissal of those claims pursuant to Rule 12(b)(6) for failure to state a valid claim.

"To state a claim for intentional infliction of emotional distress, a plaintiff must plead extreme and outrageous conduct by a defendant who intentionally or recklessly causes severe emotional distress that results in bodily harm." *Gibson v. Brewer*, 952 S.W.2d 239, 249 (Mo. 1997) (en banc). "The conduct must have been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Id*.

Here, Plaintiff has failed to plead or allege any extreme or outrageous conduct by Recurrent Ventures or Task & Purpose. Plaintiff's allegations only describe conduct allegedly perpetrated by by Defendants Milburn and Mozart Group. Accordingly, to the extent Plaintiff intended to state a valid claim for Intentional Infliction of Emotional Distress against Recurrent Ventures or Task & Purpose, he has failed to do so. Count II of Plaintiff's Complaint does not contain sufficient (or any) factual allegations against Recurrent Ventures or Task & Purpose as required to survive a

Motion to Dismiss under 12(b)(6). Accordingly, any and all allegations against Recurrent Ventures or Task & Purpose in Count II should be dismissed.

**III.   Alternatively, if this Court does not dismiss Plaintiff's Complaint in its entirety for lack of diversity jurisdiction, this Court should dismiss Count III against Recurrent Ventures and Task & Purpose pursuant to Rule 12(b)(6) for failure to state a claim.**

In Count III, Plaintiff asserts a claim for "Common Law Conspiracy." As an initial matter, as with Count II, it is unclear from the allegations whether Count III is intended to be directed to Defendants Recurrent Ventures and Task & Purpose at all, as it does not reference Recurrent Ventures or Task & Purpose by name in any of the allegations. However, Recurrent Ventures and Task & Purpose are referenced in a "catch all" paragraph at the end of Count III, which arguably could be construed as an allegation against Recurrent Ventures or Task & Purpose in Count III. Accordingly, to the extent Count III is or could be directed at Defendants Recurrent Ventures and Task & Purpose, they now seek dismissal of any such claims pursuant to Rule 12(b)(6) for failure to state a valid claim.

Under Missouri law, a civil conspiracy is "an agreement or understanding between persons to do unlawful acts, or to use unlawful means to do a lawful act." *Oak Bluff Partners, Inc. v. Meyer*, 3 S.W.3d 77, 780-81 (Mo. Banc. 1999) (citation omitted). A plaintiff must state a cause of action for an underlying wrongful or tortious act to present a viable claim for civil conspiracy. *Wiles v. Cap. Indem. Corp.*, 280 F.3d 868, 870 (8th Cir. 2002) (citations omitted). A claim for civil conspiracy must establish: (1) two or more persons; (2) with an unlawful objective; (3) after a meeting of the minds; (4) committed at least one act in furtherance of the conspiracy; and, (5) the plaintiff was thereby damaged. *Oak Bluff Partners*, 3 S.W.3d at 781.

Here, Plaintiff has failed to expressly allege that Defendants Recurrent or Task & Purpose acted in concert together or with others with an unlawful objective. Plaintiff's Complaint is also

silent as to any meeting of the minds involving Defendants Recurrent or Task & Purpose or its agents. Plaintiff also alleges that the conspiracy involved the commission of an assault and battery against Plaintiff but fails to allege that any assault and battery occurred, or that any co-conspirator took any act in furtherance of the alleged conspiracy to commit assault and battery. Absent such facts, and in particular any facts or allegations directed to Defendants Recurrent or Task & Purpose, Count III of Plaintiff's Complaint does not contain sufficient factual allegations to survive a Motion to Dismiss under 12(b)(6). Accordingly, any and all allegations against Recurrent Ventures or Task & Purpose in Count III should be dismissed.

## IV.    CONCLUSION

Based on the above facts, law and arguments, Defendants Recurrent Ventures Inc and Task & Purpose respectfully request the Court to dismiss the Plaintiff's Complaint in its entirety, and at Plaintiff's cost, for lack of subject matter jurisdiction, as Plaintiff's Complaint does not establish complete diversity of citizenship between the plaintiff and all defendants.

In the alternative, in the event this Court does not dismiss the entire Complaint due to lack of diversity, Defendants Recurrent Ventures Inc and Task & Purpose request that the Court dismiss any allegations against Defendants Recurrent Ventures Inc and Task & Purpose in Counts II and III pursuant to Rule 12(b)(6) for failure to state a claim, and grant whatever further relief this Court deems just and proper.

**WATTERS, WOLF, BUB & HANSMANN LLC**

*/s/ Russell F. Watters*
Russell F. Watters, #MO25758
John D. Cooney, #MO61080
600 Kellwood Parkway, Suite 120
St. Louis, Missouri 63017
(636) 798-0570 - Telephone
(636) 798-0693 – Facsimile
rwatters@wwbhlaw.com
jcooney@wwbhlaw.com
*Attorneys for Defendants*
*Task & Purpose and Recurrent Ventures Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on this 30th day of December, 2022, the foregoing was filed electronically with the Clerk of the Court to be served by operation of the Court's electronic filing system upon the following:

| | |
|---|---|
| John C. Burns<br>Burns Law Firm<br>P.O. Box 191250<br>St. Louis, MO 63119<br>john@burns-law-firm.com<br>*Plaintiff's Counsel* | Steven S. Biss<br>Attorney at Law<br>300 West Main Street, Suite 102<br>Charlottesville, VA 22903<br>stevenbiss@earthlink.net<br>*Plaintiff's Co-Counsel* |
| Madhu S. Sekharan<br>Attorney at Law<br>16614 Radiant Lilac Trail<br>Cypress, TX 77433-6365<br>MSekharanAttorney@outlook.com<br>*Plaintiff's Co-Counsel* | |

*/s/ Russell F. Watters*

8