IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | | |
|---|---|---|
| MICHAEL RYAN BURKE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 2:22-CV-04147-BCW |
| | ) | |
| TASK & PURPOSE, et. al., | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On March 22, 2023, this Court issued a show cause Order directing Plaintiff to explain why the claims against Defendant Andrew Milburn should not be dismissed based on Plaintiff's failure to comply with Fed. R. Civ. P. 4(m). On April 1, 2023, Plaintiff responded to the Court's Order indicating Defendant is currently working in Kyiv, Ukraine. Plaintiff explains he has attempted personal service on Defendant but remains unsuccessful as he cannot determine Defendant's exact location in Kyiv. Plaintiff argues it is still possible to locate Defendant and therefore requests a 90-day extension of time to effectuate service.

Under Fed. R. Civ. P. 4(m), "if a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."

"Good cause is *likely* shown when the plaintiff's failure to complete service in a timely fashion is a result of the conduct of a third person (typically the process server), the defendant has evaded service or engaged in misleading conduct, the plaintiff has diligently tried to effect service

1

or there are understandable mitigating circumstances, or the plaintiff is proceeding pro se or in forma pauperis." Peer v. Vilsack, 563 F. App'x 504, 505 (8th Cir. 2014) (citing Kurka v. Iowa Cty., 628 F.3d 953, 957 (8th Cir. 2010)) (emphasis added). Therefore, "a showing of good cause requires some reasonable basis for noncompliance with the rules." Id. (citations omitted). An extension to complete service is in the "the sound discretion of the district court." Id.

    The Court finds Plaintiff has diligently tried to effect service and good cause exists for Plaintiff's requested extension. Accordingly, it is hereby

    ORDERED Plaintiff shall have 90 days from entry of this Order to serve Defendant Andrew Milburn.

    IT IS SO ORDERED.


DATED: April 5, 2023

                                    /s/ Brian C. Wimes
                                    JUDGE BRIAN C. WIMES
                                    UNITED STATES DISTRICT COURT