IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL RYAN BURKE, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 2:22-CV-04147-BCW |
| THE MOZART GROUP, LLC, et al., | ) |
| Defendants. | ) |

## ORDER

Before the Court is Defendant the Mozart Group, LLC's motion to dismiss for lack of personal jurisdiction. (Doc. #22). The Court, being duly advised of the premises, grants said motion.

## BACKGROUND

Plaintiff, a veteran of the United States Marine Corps, filed a complaint against Defendants Recurrent Ventures, Inc. ("Recurrent"), the Mozart Group, LLC ("Mozart"), and Andrew Milburn ("Milburn"). (Doc. #12). Recurrent is a digital media company which owns and operates the online magazine Task and Purpose. Task and Purpose publishes content about military members, veterans, and war. Mozart advertises that it trains, advises, and equips "territorial defense units" and provides "humanitarian extraction" and other services in Ukraine. Milburn is the sole member of Mozart.

Plaintiff's complaint alleges Defendant Recurrent published an online article which accused Plainitff of raping a woman while he was in Ukraine. (Doc. #12, ¶ 7). The article was titled "Former US Marine accused of rape in Ukraine" and displayed an old photograph of Plaintiff from his time serving in Iraq. (Doc. #12, ¶ 8-10). The article was authored by Defendant

1

Milburn and initially posted on TaskandPurpose.com. (Doc. #12, ¶ 7). Plaintiff further alleges Defendants Recurrent and Milburn republished the article on multiple social media platforms. (Doc. #12 at 4-10). Several of Defendant Milburn's social media posts indicated Defendant Mozart was "in pursuit" of the accused marine. (Doc. #12 at 7). Plaintiff alleges the social media posts were understood by readers to convey a defamatory meaning about Plaintiff and injure his reputation. (Doc. #12, ¶ 10).

On March 20, 2023, Defendant Mozart filed a motion to dismiss for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2). (Doc. #22). Defendant Mozart argues the complaint does not sufficiently allege a basis for personal jurisdiction because Defendant Mozart lacks minimum contacts with the state of Missouri. In opposition, Plaintiff argues Defendants Milburn and Mozart knew Plaintiff would suffer harm in Missouri and that the postings would be republished by parties in Missouri. (Doc. #28).

## LEGAL STANDARD

To survive a motion to dismiss for lack of personal jurisdiction, "a plaintiff need make only a prima facie case that personal jurisdiction exists." Downing v. Goldman Phipps, PLLC, 764 F.3d 906, 911 (8th Cir. 2014) (internal citation omitted). "If the district court does not hold a hearing and instead relies on pleadings and affidavits . . . the court must look at the facts in the light most favorable to the nonmoving party [] and resolve all factual conflicts in favor of that party." Dakota Indus., Inc. v. Dakota Sportswear, Inc., 946 F.2d 1384, 1387 (8th Cir. 1991).

## ANALYSIS

In the complaint, Plaintiff alleges this Court has jurisdiction over Defendant Mozart because Defendant Mozart "directed their conduct towards Missouri, where they knew [Plaintiff] would experience the most reputational harm." (Doc. #12, ¶ 5).

2

Defendant Mozart argues this Court lacks personal jurisdiction over it because Defendant has no connection to the state of Missouri. Defendant Mozart is a limited liability company organized under Wyoming law with its principal place of business in Wyoming. The sole member of Defendant Mozart is a citizen of Wyoming.

In opposition, Plaintiff argues that by publishing the false and defamatory statements to Recurrent's subscribers and readers in Missouri, Defendant Mozart knew Plaintiff would suffer harm in Missouri.

As a threshold matter, the parties do not dispute that the Court lacks general jurisdiction over Defendant Mozart. Therefore, the Court's jurisdiction, if any, may be conferred only through specific jurisdiction. Pangaea, Inc. v. Flying Burrito LLC, 647 F.3d 741, 746 (8th Cir. 2011) ("Specific jurisdiction . . . may [exist when] a defendant, through its contacts with the forum, purposefully avails itself of the privilege of conducting business in the forum, in a suit arising out of or related to the defendant's contacts with the forum.") (citations omitted). Accordingly, the Court considers whether Defendant Mozart has contacts with Missouri related to the claims in this suit that are sufficient to satisfy Missouri's long-arm statute and the Due Process Clause of the Fifth Amendment.

In analyzing whether specific jurisdiction exists over an out-of-state defendant, Missouri courts engage in a two-step analysis. Anheuser-Busch, Inc. v. City Merch., 176 F. Supp. 2d 951, 956 (E.D. Mo. Oct. 26, 2001). "First, the Court must determine whether the [Missouri long-arm] statute confers jurisdiction. Second, if so, the Court must determine whether exercising personal jurisdiction over the party would violate due process." Id. (citing Falkirk Mining Co. v. Japan Steel Works, Ltd., 906 F.2d 369, 372–73 (8th Cir. 1990)).

3

Furthermore, a defendant's contacts with the forum state must be assessed individually; however, "the parties' relationships with each other may be significant in evaluating their ties to the forum[.]" Doohan v. CTB Invs., LLC, 427 F. Supp. 3d 1034, 1045 (W.D. Mo. Dec. 3, 2019) (citations omitted). Additionally, as a corporation can only act through its agents, a personal jurisdiction analysis in this context will involve imputing the acts of an agent to its corporation. Brovont v. KS-I Med. Servs., P.A., 622 S.W.3d 671, 687 (Mo. Ct. App. 2020) (citations omitted).

I. **Defendant does not have minimum contacts with Missouri such that the exercise of personal jurisdiction comports with the Due Process Clause.**

Defendant Mozart argues it lack minimum contacts with the state of Missouri and exercising specific jurisdiction over it would not comport with the Due Process Clause. In opposition, Plaintiff argues Defendant Mozart's internet connections and the resulting effects satisfy the requirements of the Due Process Clause.

The Due Process Clause requires that a defendant have certain "minimum contacts" with the forum state "such that the maintenance of the suit does not offend 'traditional notions of fair play and substantial justice.'" Int'l Shoe Co. v. Washington, 326 U.S. 310, 316 (1945) (internal citation omitted). Missouri's long-arm statute confers jurisdiction to the extent allowed by the Due Process Clause. Johnson v. Arden, 614 F.3d 785, 794 (8th Cir. 2010); Mo. Stat. Ann. § 506.500. "Even if personal jurisdiction over a defendant is authorized by the forum state's long-arm statute, jurisdiction can be asserted only if it comports with the strictures of the Due Process Clause." Viasystems, Inc. v. EBM-Papst St. Georgen GmbH & Co., KG, 646 F.3d 589, 594 (8th Cir. 2011) (citations omitted). "Under this standard, 'personal jurisdiction exists only if the contacts between the defendant and the forum state are sufficient to establish that the defendant

4

has purposefully availed himself of the benefits and protections of the forum state.'" Arden, 614 F.3d at 794 (citing Johnson v. Woodcock, 444 F.3d 953, 955 (8th Cir. 2006)).

The Eighth Circuit considers five factors in the minimum contacts analysis: "(1) the nature and quality of contacts with the forum state; (2) the quantity of such contacts; (3) the relation of the cause of action to the contacts; (4) the interest of the forum state in providing a forum for its residents; and (5) convenience of the parties." Burlington Indus., Inc. v. Maples Indus., Inc., 97 F.3d 1100, 1102 (8th Cir. 1996) (citing Land–O–Nod Co. v. Bassett Furniture Indus., Inc., 708 F.2d 1338, 1340 (8th Cir.1983)). The first three factors are of "primary importance." Id. "The third factor -- the relation of the cause of action to the contacts -- applies only in the specific jurisdiction context and is immaterial in a general jurisdictional inquiry." Steinbuch v. Cutler, 518 F.3d 580, 586 (8th Cir. 2008).

a. **Defendant's internet contacts**

The Eighth Circuit applies the Zippo test when considering the sufficiency of internet contacts for specific jurisdiction. Arden, 614 F.3d at 796. "In Zippo Mfg. Co. v. Zippo Dot Com, Inc., 952 F. Supp. 1119, 1124 (W.D. Pa. 1997) the court examined the issue of whether a website could provide sufficient contacts for specific personal jurisdiction." Id. "The court created a 'sliding scale' to measure the likelihood of personal jurisdiction. The scale runs from active contract formation and repeated transmission of computer files to mere posting of information on a website." Id.

"A passive [web]site that does little more than make information available to those who are interested in it is not grounds for the exercise of personal jurisdiction. The middle ground is occupied by interactive [web]sites where a user can exchange information with the host computer." Lakin v. Prudential Sec., 348 F.3d 704, 710-11 (8th Cir. 2003) (citing Zippo, 952 F.

Supp. at 1124). "In these cases, the exercise of jurisdiction is determined by examining the level of interactivity and commercial nature of the exchange of information that occurs on the [web]site." Id.

Here, Plaintiff alleges Defendant Recurrent, through Task and Purpose, published and promoted an online article targeting Plaintiff. (Doc. #12, ¶ 7). The complaint however does not allege Defendant Mozart published or shared the article or subsequent social media postings. Rather, after the article's publication, Defendant Milburn tweeted, from what appears to be a personal account, "Mozart Group in pursuit of Marine accused of rape in Ukraine" and "The Mozart Group is racking this guy now through our network. . ." (Doc. #12 at 7). The Court therefore finds the complaint does not allege Defendant Mozart published or shared the subject content. Because the complaint does not contain these allegations, the publication of the article and postings cannot be imputed to Defendant Mozart. Therefore, Defendant Mozart has no internet contacts related to the forum state. Guinness Imp. Co. v. Mark Vii Distribs., 153 F.3d 607, 614 (8th Cir. 1998) (citations omitted) ("contacts with the forum state must not be random, fortuitous, attenuated, *or the result of unilateral activity of a third person or another party*.") (emphasis added).

However, even assuming Defendant Mozart contributed to the publication of the alleged defamatory statements, Defendant Mozart's internet contacts would be insufficient for Missouri to exercise specific jurisdiction. There is no evidence that the article and social media posts specifically targeted the forum state. Additionally, the article was originally posted on a passive website with no commercial activity. Arden, 614 F.3d at 796 ("A website's accessibility in Missouri alone is insufficient to confer personal jurisdiction."). Therefore, Defendant Mozart's

6

Case 2:22-cv-04147-BCW   Document 35   Filed 05/25/23   Page 6 of 9

internet contacts do not have a sufficient relationship with the forum state such that this Court should exercise specific personal jurisdiction over Defendant Mozart.

b.  **The "effects test"**

Plaintiff next argues this Court has personal jurisdiction over Defendant Mozart under the "effects test" articulated in Calder v. Jones, 465 U.S. 783 (1984). The "effects test" "allows the assertion of personal jurisdiction over non-resident defendants whose acts are performed for the very purpose of having their consequences felt in the forum state." Bros. & Sisters in Christ, LLC v. Zazzle, Inc., 42 F.4th 948, 954 (8th Cir. 2022) (citations omitted).

"The 'effects test' provides that a defendant's tortious acts can serve as a source of personal jurisdiction only where the plaintiff makes a prima facie showing that the defendant's acts (1) were intentional, (2) were uniquely or expressly aimed at the forum state, and (3) caused harm, the brunt of which was suffered—and which the defendant knew was likely to be suffered—in the forum state." Id.

Here, even assuming Defendant Mozart published the alleged defamatory statements, this act does not satisfy the "effects test." As stated, there is no evidence that the postings specifically targeted the forum state. There is also no evidence that the postings were targeted for Missouri subscribers or Missouri readers. Arden, 614 at 796 ("effects test" not satisfied when the inclusion of the forum state in the posting was incidental and not performed for the very purpose of having their consequences felt in Missouri.). Additionally, there is no evidence Defendant Mozart knew the brunt of the injury would be felt by Plaintiff in Missouri. Id. The article and related postings do not identify Plaintiff as a Missouri resident and Plaintiff was not present in Missouri at the time of the postings. Rather, Plaintiff alleges the postings promoted Defendant Mozart and raised money from people who "wanted revenge." (Doc. #12, ¶ 11). Therefore, Plaintiff has not shown

Defendant Mozart's alleged actions were uniquely or expressly aimed at the forum state such that the Court should exercise personal jurisdiction over Defendant Mozart based on the "effects test." Id. at 797 ("absent additional contacts, mere effects in the forum state are insufficient to confer personal jurisdiction.").

### c. Remaining factors

A consideration of the remaining factors demonstrates there is inadequate evidence to conclude there are minimum contacts to assert jurisdiction over Defendant Mozart. Lakin, 348 F.3d at 713. There are no allegations which show Defendant Mozart had any physical contacts with Missouri. Defendant Mozart is a limited liability company organized under Wyoming law with its principal place of business in Wyoming. The sole member of Defendant Mozart is a citizen of Wyoming. Also, there are no allegations of how frequently or pervasively the statements reached individuals in the forum such that the second factor, the quantity of the contacts, weighs in favor of Defendant. Moreover, while Missouri may have an interest in providing a forum for its residents, this interest is "outweighed by the insufficient nature, quality, and quantity of the defendants' contacts to justify the exercise of jurisdiction." World Chess Museum, Inc. v. World Chess Fed'n, Inc., No. 4:12-CV-89 (CEJ), 2013 U.S. Dist. LEXIS 5155, at *10 (E.D. Mo. Jan. 14, 2013). Lastly the convivence of the parties does not weigh in favor of either party because, while it may be convenient for Plaintiff to litigate their claim in Missouri, it is inconvenient for Defendant to defend the claim in the forum.

The Court, specifically having found the first three factors weigh in favor of Defendant, grants Defendant Mozart's motion to dismiss for lack of personal jurisdiction. Dever v. Hentzen Coatings, Inc., 380 F.3d 1070, 1074 (8th Cir. 2004) (Of the Burlington factors "significant weight is given to the first three factors."). There are no allegations in the complaint that allege

8

Case 2:22-cv-04147-BCW    Document 35    Filed 05/25/23    Page 8 of 9

Defendant Mozart published or contributed to the challenged statements. Even assuming Defendant Mozart contributed to the publications, Plaintiff has not shown the internet postings or the effects thereof are sufficient to give this Court specific jurisdiction over Defendant Mozart. Therefore, exercising jurisdiction over Defendant Mozart would not comport with the requirements of the Due Process Clause. Accordingly, it is hereby

ORDERED Defendant the Mozart Group, LLC's motion to dismiss for lack of personal jurisdiction (Doc. #22) is GRANTED.

IT IS SO ORDERED.

DATE: May 25, 2023 /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT