IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION

| | |
|---|---|
| MICHAEL RYAN BURKE, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:22-CV-04147-BCW |
| | ) |
| RECURRENT VENTURES, INC., et al., | ) |
| | ) |
| Defendants. | ) |

## ORDER

Before the Court are Defendant Andrew Milburn's proposed bill of costs (Doc. #95); Plaintiff's objections to Milburn's proposed bill of cost (Doc. #96); and Milburn's response to Plaintiff's objections (Doc. #97).

## BACKGROUND

On June 11, 2024, the Court granted Defendants Milburn's and Recurrent Ventures, Inc.'s ("Recurrent") motion for summary judgment in the instant case. (Doc. #92). On June 19, 2024, as the prevailing parties, Defendants submitted their proposed bill of costs, with Recurrent seeking costs in the amount of $8,219.65 (Doc. #94); and Milburn seeking costs in the amount of $1,094.11. (Doc. #95). On July 3, 2024, Plaintiff objected to the fees sought by Defendants and otherwise requested that the Court deny Defendants' bills of cost completely. (Doc. #96). On July 22, 2024, Recurrent advised the Court that payment of taxable cost to Recurrent had been fully satisfied by agreement of the parties. (Doc. #98). Therefore, the only outstanding issue is Milburn's proposed bill of cost.

1

## LEGAL STANDARD

Fed R. Civ. P. Rule 54(d) states that "costs — other than attorney's fees — should be allowed to the prevailing party." Pursuant to 28 U.S.C. § 1920, the Court may tax costs for: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees under § 1923; and (6) compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828.

A prevailing party is presumptively entitled to recover all of its costs. In re Derailment Cases, 417 F.3d 840, 844 (8th Cir. 2005). However, the Court should refrain from awarding costs other than those authorized by § 1920 or some other statutory authority. Jo Ann Howard & Assocs., P.C. v. Cassity, 146 F. Supp. 3d 1071, 1076-77 (E.D. Mo. 2015) (quoting Brisco-Wade v. Carnahan, 297 F.3d 781, 782 (8th Cir. 2002)); see also, Smith v. Tenet Healthsys. SL, Inc., 436 F.3d 879, 889 (8th Cir. 2006). Furthermore, despite the presumption, the Court has discretion to deny costs to the prevailing party. Cramer v. Equifax Info. Servs., No. 4:18-CV-1078-SEP, 2020 U.S. Dist. LEXIS 30947, at *2 (E.D. Mo. Feb. 24, 2020).

## ANALYSIS

Milburn's proposed bill of cost totals $1,094.11 for an expedited copy of witness Matthew Best's deposition transcript. (Doc. #95-1). Plaintiff objects to Milburn's proposed costs because: (1) Milburn should not receive an equitable remedy because of his "unclean hands"; and (2) Milburn could have received a copy of Best's transcript from Recurrent since they also paid for a copy of the transcript. (Doc. #96).

2

Plaintiff's first argument regarding Milburn having unclean hands because of the alleged misconduct involving Milburn's article is unpersuasive. The Court has already ruled in its Order granting summary judgment that Plaintiff failed to prove Milburn's alleged misconduct (Doc. #92). Despite the Court's ruling, Plaintiff re-asserts the same substantive arguments for why Milburn should not receive this taxable cost. Consistent with the Court's Order granting summary judgment for the Defendants, Plaintiff's objection based on his first argument is overruled.

The Court also finds unpersuasive Plaintiff's second argument that Milburn's transcript costs were unnecessary because Milburn could have received a copy of Best's transcript from Recurrent. Under § 1920, both printed and electronic transcripts of a deposition are recoverable as long as the transcripts are reasonably necessary. Cassity, 146 F. Supp. 3d at 1078. The Court must look at what the parties would have reasonably considered necessary at the time the transcript was obtained. Id.

The history of this case reflects that Best's deposition was reasonably necessary at the time it was taken. Best was with the alleged victim when she traveled to Poland to report allegations of sexual assault against Plaintiff. (Docs. #78, #88). Best provided details to Milburn about the allegations of sexual assault, which formed the basis for Milburn's article about Plaintiff. Milburn then wrote the subject article. Best's deposition and transcript were necessary as it related significantly to the individual claims against Milburn. Additionally, Milburn and Recurrent are represented by different counsel and owe no obligation to share materials. Finally, the Court finds no issue with Milburn paying for an expedited transcript. Best, at the time, was residing in Ukraine as a journalist reporting on the war. Therefore, his availability for review or follow-up to the deposition was uncertain. Obtaining an expedited transcript under these circumstances is reasonable.

3

For these reasons, the Court finds Milburn's costs for Best's deposition transcript was necessarily obtained for use in this case and Plaintiff's objections are overruled. Therefore, the Court awards Milburn's costs of $1,094.11. Accordingly, it is hereby

ORDERED Defendant Andrew Milburn's proposed bill of costs (Doc. #95) is GRANTED. Milburn is granted costs in the total amount of $1,094.11.

IT IS SO ORDERED.

Date: <u>August 22, 2024</u>  /s/ Brian C. Wimes
JUDGE BRIAN C. WIMES
UNITED STATES DISTRICT COURT